KEVER v. PHILADELPHIA & READING COAL & IRON CO.

(District Court, E. D. New York. April 23, 1917.)

PLEADING ⟺111—PLEA TO JURISDICTION—RIGHT TO ANSWER ON THE MERITS.
    Where, after a trial resulting in a disagreement, defendant filed a plea to the jurisdiction, based on plaintiff's claimed alienage, which was overruled, it should be permitted to reinstate its answer and have a trial on the merits, though the plea was filed as a result of inaccurate information furnished its counsel by its own agents and servants.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234-236.]

At Law. Action by Katherine Kever, widow of George Kever, deceased, against the Philadelphia & Reading Coal & Iron Company. On motion by defendant for leave to reinstate its answer. Motion granted.

See, also, 234 Fed. 814.

Baltrus S. Yankaus, of New York City, for plaintiff.
Macklin, Brown & Purdy, of New York City, for defendant.

CHATFIELD, District Judge. There is no need of adding further to this record. The defendant was in effect compelled by the decision of the Court of Appeals in the case of Lehigh Valley Coal Co. v. Washko, 231 Fed. 42, 145 C. C. A. 230, to raise by plea the question of jurisdiction as soon as the information, which came out during the trial, brought the possible alienage of the plaintiff to the attention of the defendant's attorney. The failure of the jury to agree on a verdict at the trial gave opportunity to the defendant to present the plea to jurisdiction, apart from the trial before the jury. The plaintiff insisted upon a jury trial of the plea. This was later waived and the plea heard by the court. It developed upon the trial that the defendant's agents had not given accurate information to the counsel, and the plaintiff's status as a citizen was plainly shown. A judgment sustaining the court's jurisdiction over the case was directed against the defendant upon its plea, with costs. Before the entry of this judgment the defendant has moved for leave to reinstate its answer and to try the case upon the merits.

While undoubtedly the defendant is bound by the acts of its agents and servants, as well as by the acts of its counsel, and while the counsel cannot plead, for the defendant, that it should be held free from

fault solely because of counsel's personal good faith, nevertheless the court thinks it proper to hold that a defendant should be allowed to try the case upon the merits, even after judgment against it upon a plea, which is based upon a mere jurisdictional point as to the right of the plaintiff to sue the defendant in this district.

It would not seem that the manner of raising this question should be taken as a test from which the effect of a determination should be considered. No matter what the defendant has done, in order to have the question passed upon, it is substantially no more of an issue than that which in the cases of Lehigh Valley Coal Co. v. Washko, supra, and Lehigh Valley Coal Co. v. Yensavage, 218 Fed. 547, 134 C. C. A. 275, was said by the Court of Appeals to be a matter that could be raised during the course of the trial, and, if decided against the defendant, that the court should allow the trial to go on to final judgment.

The Court of Appeals indicated that, whether or not the jurisdiction of the District Court should be upheld upon appeal, the lower court should exercise de facto jurisdiction to the extent of having the jury pass upon the merits of the case before sending the question up for hearing on appeal.

The motion of the defendant, therefore, for leave to reinstate its answer and for a trial upon the merits, will be granted. Judgment upon the plea will be entered, with costs, and with direction to answer over by joining issue upon the original answer, and the case may then be placed upon the calendar for trial.